**08 CV 00420**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE and
WATHNE, LTD.

              Plaintiffs,

v.

VALERIE SAROFIM and ROBB TODD,

              Defendants.

------------------------------------------------------------ x

Civ. ____

**COMPLAINT**



RECEIVED JAN 1 6 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, Stefan Wathne, Thorunn Wathne, Bergjlot Wathne, Soffia Wathne and Wathne, Ltd. (collectively, "Plaintiffs"), by their attorneys, Phillips Nizer LLP, for their Complaint, state as follows:

### JURISDICTION AND VENUE

1. This is a civil action for declaratory relief brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

3. The amount in controversy in this matter is in excess of $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claim occurred in this district.

### THE PARTIES

5. Plaintiff Stefan Wathne is a citizen of Iceland, who resides at 150 Central Park South, New York, NY 10019.

1031063.1

6. Plaintiff Thorunn Wathne is a citizen of the United States who resides at 150 Central Park South, New York, NY 10019.

7. Plaintiff Bergjlot Wathne is a citizen of Iceland, who resides at 150 Central Park South, New York, NY 10019.

8. Plaintiff Soffia Wathne is a citizen of the United States who resides at 150 Central Park South, New York, NY 10019.

9. Plaintiff Wathne, Ltd. is a company duly organized and operating under the laws of the State of New York with its principal place of business at 156 West 56th Street, New York, NY 10019.

10. Upon information and belief, Defendant Valerie Sarofim ("Sarofim") resides at 1302 Waugh, Suite 137, Houston, Texas 77019.

11. Upon information and belief, Defendant Robb Todd ("Todd") resides at 4265 San Felipe, Suite 605, Houston, TX 77027.

## FIRST COUNT AS AGAINST ALL DEFENDANTS
### (Declaratory Relief)

12. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 11 hereof with the same force and effect as have fully set forth herein.

13. Upon information and belief, Todd is an attorney who practices law in Houston, Texas.

14. In or about October 2007, Todd contacted Plaintiffs, on Sarofim's behalf, claiming the Sarofim had invested $150,000.00 in a real estate project and had received no return on her money.

15. After subsequent discussions between the parties, Plaintiffs agreed to return to Sarofim the $150,000.00 that she had purportedly invested, together with six percent interest on

that amount, for a total of $209,783.81 in resolution of the issue. Plaintiffs subsequently wired $209,783.81 to an account identified by Todd.

16.  In consideration for Plaintiffs' payment, and in apparent resolution of the matter, Sarofim executed a release in favor of the Plaintiffs.

17.  Defendants have recently taken the position that the release is a nullity, that the debt is still owed, and that they are entitled to commence a lawsuit against Plaintiffs arising out of the investment. Accordingly, a controversy now exists as to whether Defendants are barred by the release from commencing a lawsuit against Plaintiffs.

18.  The declaratory judgment sought by this action will settle directly, expeditiously and finally the controversy concerning the impact of the release.

19.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs seek judgment against Defendants declaring that the release executed by Sarofim is in full force and effect and bars her from commencing an action against Plaintiffs arising out of the subject real estate investment.

Dated: New York, New York
       January 16, 2008

PHILLIPS NIZER LLP

By: _____
     Bruce J. Turkle (BT-2676)
Attorneys for Plaintiffs
666 Fifth Avenue
New York, New York  10103-0084
(212) 977-9700