UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,

           08 CV 00420 (GEL)

    Plaintiffs,

           AMENDED ANSWER
 v.          OF VALERIE SAROFIM

VALERIE SAROFIM and ROB TODD,

    Defendants.
------------------------------------------------------------------X

  Defendant Valerie Sarofim, by her attorneys, Mound Cotton Wollan & Greengrass, hereby answers the Complaint of Stefan Wathne, Thorunn Wathne, Bergjlot Wathne, Soffia Wathne, and Wathne, Ltd. (collectively, "Plaintiffs") as follows:

### JURISDICTION AND VENUE

  1.  Defendant states that the allegations set forth in paragraph 1 of the Complaint constitute a statement concerning the nature of this action to which no response is required, but to the extent a response is required, Defendant admits that Plaintiffs seek declaratory relief, but she denies that Plaintiffs are entitled to such relief.

  2.  Defendant states that the allegations set forth in paragraph 2 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

  3.  Defendant states that the allegations set forth in paragraph 3 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, Defendant denies that the amount in controversy exceeds $75,000.

4. Defendant states that the allegations set forth in paragraph 4 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, Defendant denies that venue is proper in this District.

## THE PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint, except that she admits that she is a citizen of Texas, residing in Houston.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

## FIRST COUNT AGAINST ALL DEFENDANTS

### (Declaratory Relief)

12. Defendant repeats, reiterates, and incorporates by reference her responses to each and every allegation set forth in paragraphs 1 through 11 of the Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint as pleaded.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint, except that Defendant admits that the sum of $209,783.81 was wired to her account.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint as pleaded, except that Defendant admits that she executed a release, and avers that the amount paid to her was insufficient.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint, except that Defendant admits that the release is a nullity, admits that monies are still owed to her, and admits that she is entitled to commence a lawsuit arising from the investment.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant states that the allegations set forth in paragraph 19 of the Complaint are legal conclusions to which no response is required, but to the extent that a response is required, Defendant denies the allegations set forth in paragraph 19 of the Complaint.

## FIRST DEFENSE

20. The Complaint fails to state a claim upon which relief can granted.

## SECOND DEFENSE

21. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## THIRD DEFENSE

22. Plaintiffs' claims are barred by fraud.

## FOURTH DEFENSE

23. Plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

24. Venue is not proper in this District.

## SIXTH DEFENSE

25. This Court lacks jurisdiction over the person of Defendant Sarofim.

**WHEREFORE,** Defendant respectfully requests judgment in its favor as follows:

(A) Dismissing all claims against it with prejudice; and

(B) Awarding her costs, disbursements, reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant demands a trial by jury.

Dated: New York, New York
March 13, 2008

          MOUND COTTON WOLLAN & GREENGRASS

          By:   s/Sanjit Shah
                Jeffrey S. Weinstein (JW-2619)
                Sanjit Shah (SS-0148)
          One Battery Park Plaza
          New York, New York 10004
          Phone : (212) 804-4200
          Fax    :(212) 344-8066
          jweinstein@moundcotton.com
          sshah@moundcotton.com
          *Attorneys for Defendant*
          *Valerie Sarofim*