UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,

                 08 CV 00420 (GEL)

    Plaintiffs,

                 <u>Declaration of Sanjit Shah</u>

  v.

VALERIE SAROFIM and ROB TODD,

    Defendants.
------------------------------------------------------------------X

I, Sanjit Shah, declare:

  1.  I am an associate with the law firm of Mound Cotton Wollan & Greengrass, counsel to Defendant Valerie Sarofim, and am admitted to practice before the Bar of this Court. I respectfully submit this declaration in further support of Defendant Sarofim's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

  2.  Annexed hereto as Exhibit A is a copy of the Complaint filed in this Action.

  3.  Annexed hereto as Exhibit B is a copy of the Mutual Release between Defendant Sarofim and Plaintiffs Thorunn Wathne, Bergjlot Wathne and Soffia Wathne.

  4.  Annexed hereto as Exhibit C is a copy of Defendant Sarofim's Amended Answer filed in this action.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on March 19, 2008.

                              s/Sanjit Shah
                              Sanjit Shah (SS-0148)

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 00420**

------------------------------------------------------------x

STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE and
WATHNE, LTD.

Civ. _____

Plaintiffs,

v.

VALERIE SAROFIM and ROBB TODD,

Defendants.



------------------------------------------------------------x

Plaintiffs, Stefan Wathne, Thorunn Wathne, Bergjlot Wathne, Soffia Wathne and Wathne, Ltd. (collectively, "Plaintiffs"), by their attorneys, Phillips Nizer LLP, for their Complaint, state as follows:

## JURISDICTION AND VENUE

1. This is a civil action for declaratory relief brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

3. The amount in controversy in this matter is in excess of $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claim occurred in this district.

## THE PARTIES

5. Plaintiff Stefan Wathne is a citizen of Iceland, who resides at 150 Central Park South, New York, NY 10019.

1031063.1

6. Plaintiff Thorunn Wathne is a citizen of the United States who resides at 150 Central Park South, New York, NY 10019.

7. Plaintiff Bergjlot Wathne is a citizen of Iceland, who resides at 150 Central Park South, New York, NY 10019.

8. Plaintiff Soffia Wathne is a citizen of the United States who resides at 150 Central Park South, New York, NY 10019.

9. Plaintiff Wathne, Ltd. is a company duly organized and operating under the laws of the State of New York with its principal place of business at 156 West 56th Street, New York, NY 10019.

10. Upon information and belief, Defendant Valerie Sarofim ("Sarofim") resides at 1302 Waugh, Suite 137, Houston, Texas 77019.

11. Upon information and belief, Defendant Robb Todd ("Todd") resides at 4265 San Felipe, Suite 605, Houston, TX 77027.

### FIRST COUNT AS AGAINST ALL DEFENDANTS
#### (Declaratory Relief)

12. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 11 hereof with the same force and effect as have fully set forth herein.

13. Upon information and belief, Todd is an attorney who practices law in Houston, Texas.

14. In or about October 2007, Todd contacted Plaintiffs, on Sarofim's behalf, claiming the Sarofim had invested $150,000.00 in a real estate project and had received no return on her money.

15. After subsequent discussions between the parties, Plaintiffs agreed to return to Sarofim the $150,000.00 that she had purportedly invested, together with six percent interest on

that amount, for a total of $209,783.81 in resolution of the issue. Plaintiffs subsequently wired $209,783.81 to an account identified by Todd.

16. In consideration for Plaintiffs' payment, and in apparent resolution of the matter, Sarofim executed a release in favor of the Plaintiffs.

17. Defendants have recently taken the position that the release is a nullity, that the debt is still owed, and that they are entitled to commence a lawsuit against Plaintiffs arising out of the investment. Accordingly, a controversy now exists as to whether Defendants are barred by the release from commencing a lawsuit against Plaintiffs.

18. The declaratory judgment sought by this action will settle directly, expeditiously and finally the controversy concerning the impact of the release.

19. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs seek judgment against Defendants declaring that the release executed by Sarofim is in full force and effect and bars her from commencing an action against Plaintiffs arising out of the subject real estate investment.

Dated: New York, New York
       January 16, 2008

                                    PHILLIPS NIZER LLP

                                    By: _____
                                        Bruce J. Turkle (BT-2676)
                                    Attorneys for Plaintiffs
                                    666 Fifth Avenue
                                    New York, New York 10103-0084
                                    (212) 977-9700

3

1031063.1

EXHIBIT B

03-06-2008 00:38   OFFICE 7136291553                                    PAGE2
10-23-2007 22:43   OFFICE 7136291553

## MUTUAL RELEASE OF CLAIMS

THE STATE OF TEXAS  §
§
COUNTY OF HARRIS  §

This Settlement Agreement and Mutual Release of Claims ("Agreement") is made by and among Valerie Sarofim, Thorunn Wathne, Bergljot Wathne, and Soffia Wathne, and any company or entity in which any of the Individual Parties to this agreement have an equitable or beneficial ownership interest (collectively the "Parties").

### INTRODUCTION

WHEREAS, the Parties desire to resolve all matters of dispute between them relating to Valerie Sarofim's January 28, 2002 wiring of $150,000.00 to a bank account specified on Wathe Corporation letterhead dated January 28, 2002, and desire to forever discharge and release any claims which the Parties to this agreement may have against each other with respect to same.

NOW, THEREFORE, we the undersigned, the Parties, in consideration of the aforesaid premises, mutual covenants, agreements, acknowledgments, conditions and representations hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, do hereby agree as follows:

### TERMS OF COMPROMISE

THE PARTIES HAVE AGREED AS FOLLOWS:

The Parties each acknowledges and agrees that they have received adequate consideration for the covenants and obligations of each other contained in this Agreement.

1. Thorunn Wathne, Bergljot Wathne, and/or Soffia Wathne shall pay, via wire transfer, to Valerie Sarofim the sum of $209,783.81, and an additional sum of $10,489.19, on or before 5:00 p.m., CST, on October 26, 2007.

### MUTUAL RELEASE OF CLAIMS

2. For and in consideration of the mutual covenants recited herein, the Parties do hereby for themselves, hereby remise, give up, quitclaim, settle, compromise, fully release, and forever discharge each other, from all rights, demands, claims,

VS   TW___   BW___   SW___

10-23-2007 23:32   OFFICE 7136291553                                    PAGE2

03-06-2008 00:39    OFFICE 7136291553                                    PAGE3
10-23-2007 22:43    OFFICE 7136291553

obligations, causes of action, suits, controversies, debts, dues, sums of money, accounts, variances, trespasses, extents, privileges, covenants, contracts, agreements, promises, judgments, damages, executions, and/or any other claim at law or in equity, whether or not well founded in law or fact, which may be in existence as of the date of execution of this agreement.

8. The Parties expressly warrant to each other that no claims, demands, controversies, actions, causes of action, liabilities, damages, injuries, loss or other rights which are mentioned in this Agreement, have been assigned, conveyed or any manner whatsoever transferred to any person or entity.

## MISCELLANEOUS

9. The Parties expressly understand and agree that they have carefully reviewed this Agreement, that they understand its terms, that they sought legal advice with respect to this Agreement, and that the Parties have relied wholly upon their own judgment and knowledge and have not been influenced or pressured to any extent whatsoever in making this Agreement by any representations or statements made by the other or anyone acting on behalf of the other.

10. The aforesaid consideration stated herein is contractual and not a mere recital.

11. All agreements and understandings between the Parties are embodied and expressed herein and this Agreement states the entire agreement of the Parties hereto and supersedes all prior and contemporaneous negotiations and agreements, oral or written.

YS [signature]        TW___        BW___        SW___

10-23-2007 23:32  OFFICE 7136291553                                      PAGE3

03-06-2008 00:39   OFFICE 7136291553                                   PAGE4
10-23-2007 22:43   OFFICE 7136291553

12. If any provision of this Agreement is or may be held by a Court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

13. This Agreement shall be governed by the laws of the United States of America and the State of Texas. The performance of this Agreement shall be in Harris County, Texas.

14. Nothing herein shall be construed as a release, estoppel or bar to the enforceability of the covenants and future performances of the Parties described or required in this Agreement.

IN WITNESS WHEREOF, that we have executed this instrument on the dates set forth herein below.

BY: /s/ VALERIE SAROFIM          BY: THORUNN WATHNE

DATE: 10/24/07                   DATE: _____


BY:    BERGLJOT WATHNE           BY:   SOFFIA WATHNE


/s/ VS    TW___    BW___    SW___

10-23-2007 23:33   OFFICE 7136291553                                   PAGE4

EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,

                                08 CV 00420 (GEL)

        Plaintiffs,

                                AMENDED ANSWER
    v.                              OF VALERIE SAROFIM

VALERIE SAROFIM and ROB TODD,

        Defendants.
-----------------------------------------------------------------X

        Defendant Valerie Sarofim, by her attorneys, Mound Cotton Wollan & Greengrass, hereby answers the Complaint of Stefan Wathne, Thorunn Wathne, Bergjlot Wathne, Soffia Wathne, and Wathne, Ltd. (collectively, "Plaintiffs") as follows:

### JURISDICTION AND VENUE

        1.    Defendant states that the allegations set forth in paragraph 1 of the Complaint constitute a statement concerning the nature of this action to which no response is required, but to the extent a response is required, Defendant admits that Plaintiffs seek declaratory relief, but she denies that Plaintiffs are entitled to such relief.

        2.    Defendant states that the allegations set forth in paragraph 2 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

        3.    Defendant states that the allegations set forth in paragraph 3 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, Defendant denies that the amount in controversy exceeds $75,000.

4. Defendant states that the allegations set forth in paragraph 4 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, Defendant denies that venue is proper in this District.

## THE PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint, except that she admits that she is a citizen of Texas, residing in Houston.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

## FIRST COUNT AGAINST ALL DEFENDANTS

### (Declaratory Relief)

12. Defendant repeats, reiterates, and incorporates by reference her responses to each and every allegation set forth in paragraphs 1 through 11 of the Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint as pleaded.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint, except that Defendant admits that the sum of $209,783.81 was wired to her account.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint as pleaded, except that Defendant admits that she executed a release, and avers that the amount paid to her was insufficient.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint, except that Defendant admits that the release is a nullity, admits that monies are still owed to her, and admits that she is entitled to commence a lawsuit arising from the investment.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant states that the allegations set forth in paragraph 19 of the Complaint are legal conclusions to which no response is required, but to the extent that a response is required, Defendant denies the allegations set forth in paragraph 19 of the Complaint.

### FIRST DEFENSE

20. The Complaint fails to state a claim upon which relief can granted.

### SECOND DEFENSE

21. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### THIRD DEFENSE

22. Plaintiffs' claims are barred by fraud.

### FOURTH DEFENSE

23. Plaintiffs' claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

24. Venue is not proper in this District.

### SIXTH DEFENSE

25. This Court lacks jurisdiction over the person of Defendant Sarofim.

**WHEREFORE,** Defendant respectfully requests judgment in its favor as follows:

(A) Dismissing all claims against it with prejudice; and

(B) Awarding her costs, disbursements, reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

Defendant demands a trial by jury.

Dated: New York, New York
       March 13, 2008

MOUND COTTON WOLLAN & GREENGRASS

By: s/Sanjit Shah
    Jeffrey S. Weinstein (JW-2619)
    Sanjit Shah (SS-0148)
One Battery Park Plaza
New York, New York 10004
Phone : (212) 804-4200
Fax    :(212) 344-8066
jweinstein@moundcotton.com
sshah@moundcotton.com
*Attorneys for Defendant*
*Valerie Sarofim*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,

                                                      08 CV 00420 (GEL)

        Plaintiffs,

    v.

VALERIE SAROFIM and ROB TODD,

        Defendants.
-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of Defendant Sarofim's Notice of Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Declaration of Sanjit Shah with exhibits, the Declaration of Valerie Sarofim and Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings, was served by United States mail, postage pre-paid, on the 19th day of March 2008 upon those persons or entities listed below.

| | |
|---|---|
| Bruce J. Turkle, Esq. | Rob Todd, Esq. |
| Phillips Nizer LLP | Todd Law Firm |
| 666 Fifth Avenue | 4265 San Felipe |
| New York, NY 10103-0084 | Houston, TX 77027 |
| *Attorneys for Plaintiffs* | *Defendant Pro Se* |

                                                        /s/ Sanjit Shah
                                                        Sanjit Shah (SS-0148)