```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,
                                                                    08 CV 00420 (GEL)
                    Plaintiffs,

        v.

VALERIE SAROFIM and ROB TODD,

                    Defendants.
------------------------------------------------------------------X
```

## DECLARATION OF VALERIE SAROFIM

I, Valerie Sarofim, declare:

1. I am one of the defendants in this action, and I submit this declaration in support of my motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction.

2. I am a citizen of Texas, residing in Houston. I do not own or rent any real property in New York State, and I have no bank accounts in New York. Other than two business trips I made to New York, one in 2005, and another in 2006, my only contact with New York is when my daughter and I go there to sightsee once or twice a year.

3. This action arises from an investment I made in 2002 with Plaintiff Stefan Wathne. Essentially, I entrusted Stefan with $150,000 to be invested in Russian real estate. I realized that Stefan had duped me when I learned that he had been indicted by a federal grand jury in 2005 for conspiracy to commit money laundering.

4. To get my money back, I retained Rob Todd, an attorney in Houston, Texas. As Plaintiffs' Complaint alleges, in 2007, Mr. Todd contacted Plaintiffs on my behalf for this

purpose. I personally had no contact with Plaintiffs. I neither spoke with them, nor wrote to them, concerning the investment.

5. Subsequently, Mr. Todd advised me that he had reached an agreement pursuant to which I would be paid $220,273.00, which sum constituted the principal amount of my investment, plus interest and attorneys' fees. Accordingly, I signed the mutual release setting forth the terms of the agreement with Plaintiffs Thorunn Wathne, Bergjlot Wathne, and Soffia Wathne, and I gave it to Mr. Todd to be sent to the Wathne Corporation.

6. I never received the full amount to which I am entitled under the mutual release; accordingly, it is my position that the release is not valid, and that I can sue Stefan for fraud. Plaintiffs have now commenced this action against me in the Southern District of New York for a declaration that the mutual release is "in full force and effect and bars [me] from commencing an action against Plaintiffs arising out of the subject real estate investment."

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2008.

s/ Valerie Sarofim
Valerie Sarofim

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,
                                                                    08 CV 00420 (GEL)
        Plaintiffs,

      v.

VALERIE SAROFIM and ROB TODD,

        Defendants.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    I hereby certify that true and correct copies of Defendant Sarofim's Notice of Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Declaration of Sanjit Shah with exhibits, the Declaration of Valerie Sarofim and Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings, was served by United States mail, postage pre-paid, on the 19th day of March 2008 upon those persons or entities listed below.

| | |
|---|---|
| Bruce J. Turkle, Esq. | Rob Todd, Esq. |
| Phillips Nizer LLP | Todd Law Firm |
| 666 Fifth Avenue | 4265 San Felipe |
| New York, NY 10103-0084 | Houston, TX 77027 |
| *Attorneys for Plaintiffs* | *Defendant Pro Se* |

                                        /s/ Sanjit Shah
                                        Sanjit Shah (SS-0148)