UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,

                                         08 CV 00420 (GEL)

                Plaintiffs,

      v.

VALERIE SAROFIM and ROB TODD,

                Defendants.
--------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## VALERIE SAROFIM'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
## PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE


Jeffrey S. Weinstein (JW-2619)
Sanjit Shah (SS-0148)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, New York 10004
Phone: (212) 804-4200
Fax:    (212) 344-8066
jweinstein@moundcotton.com
sshah@moundcotton.com

*Attorneys for Defendant Valerie Sarofim*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

FACTS ................................................................................................................................ 2

ARGUMENT ...................................................................................................................... 4

       STANDARDS FOR A MOTION
       FOR JUDGMENT ON THE PLEADINGS
       PURSUANT TO FED. R. CIV. P. 12(c) ............................................................ 4

       POINT I

              THIS COURT LACKS PERSONAL
              JURISDICTION OVER SAROFIM ............................................................ 5

              A.      CPLR § 301 ................................................................................ 6

              B.      CPLR § 302(a) .......................................................................... 7

       POINT II

              THE MUTUAL RELEASE
              IS UNENFORCEABLE FOR
              FAILURE OF CONSIDERATION ........................................................ 9

              A.      Texas Law Applies To This Dispute .......................................... 9

              B.      The Mutual Release Is Void ...................................................... 9

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
171 F.3d 779 (2d. Cir. 1999).................................................................................5

Brown v. New York City Hous. Auth.,
No. 05 Civ. 10332, 2006 WL 1378599 (S.D.N.Y. May 17, 2006)..................................4

B.T. Produce Co., Inc. v. Robert A. Johnson Sales, Inc.,
354 F. Supp. 2d 284 (S.D.N.Y. 2004)..................................................................2 n.2

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002)................................................................................2 n.3

E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co., Inc.,
No. 00 CIV 8670, 2003 WL 22064259 (S.D.N.Y. Sept. 5, 2003).............................. 4-5

First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,
218 F. Supp. 2d 369 (S.D.N.Y. 2002).................................................................6, 7

First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,
219 F. Supp. 2d 576 (S.D.N.Y. 2002), aff'd sub nom.,
First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,
385 F.3d 159 (2d Cir. 2004).............................................................................3 n.4

Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film und Funk KG,
160 F. Supp. 2d 722 (S.D.N.Y. 2001).......................................................................7

Jeanes v. Hamby, 685 S.W.2d 695 (Tex. App. 1984).............................................9, 10

LaGuardia Assocs. v. Holiday Hospitality Franchising, Inc.,
92 F. Supp. 2d 119 (E.D.N.Y. 2000) .......................................................................9

Laumann Mfg. Corp. v. Castings USA, Inc.,
913 F. Supp. 712 (E.D.N.Y. 1996) ..........................................................................6

Long v. Turner, 134 F.3d 312 (5th Cir. 1998) ......................................................9, 10

Matusovsky v. Merrill Lynch,
186 F. Supp. 2d 397 (S.D.N.Y. 2002)......................................................................4

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,
84 F.3d 560 (2d Cir. 1996).....................................................................................6

Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.,
134 S.W.3d 195 (Tex. 2004)..................................................................................9, 10

Patel v. Contemporary Classics of Beverly Hills,
259 F.3d 123 (2d Cir. 2001)...........................................................................................4

Ramos v. City of New York,
No. 05 Civ. 3155, 2006 WL 2871969 (S.D.N.Y. Oct. 5, 2006) ............................2 n.3, 4

RJE Corp. v. Northville Indus. Corp.,
329 F.3d 310 (2d Cir. 2003).........................................................................................9

Saldanha v. Baidyaroy,
No. 91 Civ. 6413, 1992 WL 147669
(S.D.N.Y. June 15, 1992)...............................................................................................5

Siverls-Dunham v. Lee, No. 05 Civ. 7518,
2006 WL 3298964 (S.D.N.Y. Nov. 13, 2006) ..............................................5, 6, 7, 9

Tyco Int'l Ltd. v. Walsh,
No. 02 Civ. 4633, 2003 WL 553580 (S.D.N.Y. Feb. 27, 2003) ......................................5

Worldwide Futgol Assocs. v. Event Entm't, Inc.,
983 F. Supp. 173 (E.D.N.Y. 1997) ................................................................................5

**Statutes and Rules**

CPLR § 301.............................................................................................................6, 7, 9

CPLR § 302...........................................................................................................6, 7, 8, 9

Fed. R. Evid. Rule 201(b) ........................................................................................2 n.2

Fed. R. Civ. P. 12(b) .................................................................................................4, 5

Fed. R. Civ. P. 12(c) .........................................................................................1, 4, 5, 11

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**VALERIE SAROFIM'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Valerie Sarofim respectfully submits this memorandum of law in support of her motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing the Complaint of Plaintiffs Stefan Wathne, Thorunn Wathne, Bergjlot Wathne, Soffia Wathne, and Wathne, Ltd.

**PRELIMINARY STATEMENT**

In this action, Plaintiffs seek a declaration that a release of claims executed by Sarofim in their favor is enforceable despite Plaintiffs' failure to pay her all the money to which she is entitled under the express terms of the release. The Complaint should be dismissed for lack of jurisdiction over the person of Defendant Valerie Sarofim. But even if there is personal jurisdiction over Sarofim, the action should be dismissed as to her because under applicable Texas law, Plaintiffs' material breach of the release agreement excuses Sarofim from her obligations thereunder, freeing her to sue Plaintiff Stefan Wathne (who, in any event, is not a party to the release agreement), and the Wathne Corporation. Accordingly, because Plaintiffs can prove no set of facts that would entitle them to relief, Sarofim's motion for judgment on the pleadings should be granted, and Plaintiffs' Complaint should be dismissed.

## FACTS[1]

This action arises from Plaintiff Stefan Wathne's conversion of $150,000 of Sarofim's money that Stefan promised to invest for her. (See Complaint, annexed as Exhibit A to the March 11, 2008 Declaration of Sanjit Shah (the "Shah Decl."), ¶ 14.) Sarofim, a Texas resident who neither owns nor rents real property in New York, realized that Stefan had duped her when she learned that he had been indicted by a federal grand jury in California in 2005 for conspiracy to commit money laundering.[2] (Sarofim Decl. ¶¶ 2, 3.) To recover her misappropriated funds, Sarofim retained Houston attorney Rob Todd, who negotiated an agreement (the "Mutual Release") between her and Plaintiffs Thorunn Wathne, Bergjlot Wathne and Soffia Wathne. (Complaint ¶¶ 14, 15; Mutual Release, annexed as Exhibit B to the Shah Decl.)[3] Also included among the parties to the Mutual Release was "any company or entity in which any of the Individual Parties to this agreement have an equitable or beneficial ownership interest." (Mutual Release, at 1.)

---

[1] Sarofim accepts the factual allegations in the complaint as true only for the purposes of this motion. The relevant facts pertaining to personal jurisdiction are set forth in the accompanying Declaration of Valerie Sarofim, executed on March 17, 2008 (the "Sarofim Decl.").

[2] The Court may take judicial notice of the indictment under Rule 201(b) of the Federal Rules of Evidence. B.T. Produce Co., Inc. v. Robert A. Johnson Sales, Inc., 354 F. Supp. 2d 284, 287 n.3 (S.D.N.Y. 2004) ("[T]he documents the parties are seeking to introduce -- Taubenfeld's indictment, his plea agreement with the Government, and the transcript of his sentencing hearing, are subject to judicial notice pursuant to Fed. R. Evid. 201(b).").

[3] Although the Complaint does not include the Mutual Release as an exhibit, Plaintiffs have clearly relied on the terms and purported effect of the release in drafting the Complaint. (See Complaint ¶¶ 15-17.) Accordingly, the Court may consider this document on a Rule 12(c) motion without converting it into a motion for summary judgment. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (holding that "plaintiff's *reliance*, on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion . . . ."); Ramos v. City of New York, No. 05 Civ. 3155, 2006 WL 2871969, at *2 (S.D.N.Y. Oct. 5, 2006) ("It is therefore beyond question both that [plaintiff] had actual notice of the information contained in those documents, and that he relied on them in drafting the complaint. Accordingly it is proper to consider them in disposing of this motion without converting it into a motion for summary judgment.").

2

In consideration for Sarofim's release, the Mutual Release required that Thorunn Wathne, Bergjlot Wathne and Soffia Wathne transfer to Sarofim the sums of $209,783.81 and $10,489.19, for a total of $220,273.00, by 5:00 p.m. C.S.T. on October 28, 2007:

> Thorunn Wathne, Bergjlot Wathne, and/or Soffia Wathne shall pay, via wire transfer, to Valerie Sarofim the sum of $209,783.81, and an additional sum of $10,489.19, on or before 5:00 p.m., CST, on October 28, 2007.

(Mutual Release ¶ 1.)

Instead of wiring the full amount to Sarofim, however, Plaintiffs only paid her $209,783.81:

> Plaintiffs subsequently wired $209,783.81 to an account identified by Todd.

(Complaint ¶ 15.)

When Plaintiffs refused to pay Sarofim the remaining $10,489.19 owed to her under the terms of the Mutual Release, she declared that the agreement was a nullity, and announced her intention to sue Stefan Wathne and the Wathne Corporation for fraud relating to her investment. (Complaint ¶ 17.) This action, in which Plaintiffs seek a declaration that the Mutual Release is valid, ensued.[4] The Mutual Release contains a choice of law clause, providing that it shall be governed by the laws of Texas, and states that performance is to occur in Harris County, Texas. (Mutual Release ¶ 13.) Sarofim was not involved in the negotiation of the Mutual Release, and had no contact with Plaintiffs in connection with therewith. (Sarofim Decl. ¶ 4.)

---

[4] Even though Defendant Rob Todd, Sarofim's counsel in connection with the negotiation of the Mutual Release, was not a party to that agreement, Plaintiffs have nevertheless impleaded him. This decision is perplexing, inasmuch as Plaintiffs have failed to assert a cause of action against him, or even allege any wrongful conduct on his part. It is our understanding that Todd, who is appearing pro se, will file his own motion. In the event that Todd does not file a motion on his own behalf, the Court may nevertheless dismiss, sua sponte, the case against him. First Capital Asset Mgmt., Inc. v. Brickellbush, Inc., 219 F. Supp. 2d 576, 580 (S.D.N.Y. 2002) ("Moreover, while dismissing a complaint as to a non-moving defendant is not an ordinary practice, a district court may dismiss claims sua sponte for failure to state a claim, at least so long as the plaintiff had notice and an opportunity to be heard on the issue."), aff'd sub nom., First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159 (2d Cir. 2004).

3

## ARGUMENT

### STANDARDS FOR A MOTION FOR JUDGMENT
### ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Ramos v. City of New York, No. 05 Civ. 3155, 2006 WL 2871969, at *2 (S.D.N.Y. Oct. 5, 2006) ("Courts assess a motion for judgment on the pleadings under Rule 12(c) under the same standard as a motion to dismiss under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the plaintiff.").

Although a court must accept as true all well-pleaded factual allegations, "where allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the Court is not obliged to credit the allegations in the complaint." Brown v. New York City Hous. Auth., No. 05 Civ. 10332, 2006 WL 1378599, at *1 (S.D.N.Y. May 17, 2006); see also Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("Furthermore, a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading. If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss.") (citations omitted).

Although a motion for judgment on the pleadings is generally not the method for moving to dismiss a complaint for lack of personal jurisdiction, the Court may consider a Rule 12(c) motion as a motion pursuant to Rule 12(b)(2) if the defendant asserts a personal jurisdiction defense in her answer. E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co., Inc., No. 00 CIV 8670,

4

2003 WL 22064259, at *4 n.2 (S.D.N.Y. Sept. 5, 2003); Saldanha v. Baidyaroy, No. 91 Civ.

6413, 1992 WL 147669, at *3 (S.D.N.Y. June 15, 1992). Here, because Sarofim asserted the

defense of lack of personal jurisdiction in her amended answer (Amended Answer, annexed as

Exhibit C to the Shah Decl.), the Court may treat the Rule 12(c) motion, to the extent that it

relates to this question, as a motion pursuant to Rule 12(b)(2). E.g., Saldanha, 1992 WL 147669,

at *3 ("Accordingly, the Court will treat defendants' motion to dismiss as if it had been brought

pursuant to Rule 12(b)(2) prior to the answer in this action, and in deciding defendants' motion,

the Court will apply the principles that Courts have developed in deciding Rule 12(b)(2)

motions.").    Alternatively, Sarofim respectfully requests an adjudication of disputed

jurisdictional facts at a pre-trial hearing pursuant to Fed. R. Civ. P. 12(d). See Tyco Int'l Ltd. v.

Walsh, No. 02 Civ. 4633, 2003 WL 553580, at *2 (S.D.N.Y. Feb. 27, 2003).

It is clear that this Court lacks personal jurisdiction over Sarofim, and that Plaintiffs can

prove no set of facts entitling them to relief. The Complaint should therefore be dismissed.

## POINT I

## THIS COURT LACKS PERSONAL JURISDICTION OVER SAROFIM

"The party seeking to invoke the Court's jurisdiction has the burden of establishing

personal jurisdiction over a defendant." Worldwide Futgol Assocs. v. Event Entm't, Inc., 983 F.

Supp. 173, 176 (E.D.N.Y. 1997) (citation omitted); see also Bank Brussels Lambert v. Fiddler

Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d. Cir. 1999). A "court sitting in diversity will look

to the law of the forum state . . . to determine whether there is jurisdiction over the defendant."

Siverls-Dunham v. Lee, No. 05 Civ. 7518, 2006 WL 3298964, at *4 (S.D.N.Y. Nov. 13, 2006)

(citation omitted). "Under New York law, the court must follow a two-step procedure in order to

determine whether there is personal jurisdiction over a defendant: (1) the Court must determine

whether New York Civil Practice Law and Rules ("CPLR") sections 301 or 302 provide a basis for personal jurisdiction, and (2) if they do, the Court must then conduct a constitutional inquiry to determine whether the exercise of personal jurisdiction over the defendant would offend due process pursuant to International Shoe Co. v. Washington and its progeny." Laumann Mfg. Corp. v. Castings USA, Inc., 913 F. Supp. 712, 715 (E.D.N.Y. 1996) (citation omitted); see also Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). "As a general rule, an individual cannot be subject to personal jurisdiction in New York unless he is physically present in New York at the time of service, is a domiciliary of New York or consents to jurisdiction." Siverls-Dunham, 2006 WL 3298964, at *5 (citing Rawstorne v. Maguire, 265 N.Y. 204, 208-09 (1935)).

Here, Plaintiffs seek to invoke the jurisdiction of this Court over the person of Defendant Sarofim, who was not physically present in New York at the time of service (Entry No. 4 on Docket Sheet), is not a domiciliary of New York (Sarofim Decl. ¶ 2), and does not consent to the jurisdiction of this Court. Thus, the Complaint should be dismissed for lack of personal jurisdiction. Siverls-Dunham, 2006 WL 3298964, at *5. Nevertheless, because Courts will sometimes consider whether jurisdiction may be exercised over a natural person pursuant to CPLR §§ 301 and 302, see First Capital Asset Mgmt., Inc. v. Brickellbush, Inc., 218 F. Supp. 2d 369, 389-92 (S.D.N.Y. 2002), those statutes will be analyzed.

A.    CPLR § 301

CPLR § 301 provides that "[a] court may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." This statute has been interpreted by New York courts as permitting the exercise of general jurisdiction over a foreign corporation where that corporation engages in continuous and systematic course of "doing business" in New York.

Siverls-Dunham, 2006 WL 3298964, at *4.  Although it is not certain that section 301 applies to

defendants who are natural persons, First Capital Asset Mgmt., 218 F. Supp. 2d at 392 n.115

("New York courts do not agree on whether a natural person may be subject to 'doing business'

jurisdiction under Section 301), it is clear that Sarofim is not "doing business" in New York

within the meaning of the statute.

As her declaration demonstrates, Sarofim does not own or rent real property in New

York, and has no bank accounts in New York.  (Sarofim Decl. ¶ 2.)  Other than a business trip in

2005, and another one in 2006, Sarofim's only contact with this State is when she comes as a

tourist with her daughter once or twice a year.  Under these circumstances, jurisdiction does not

exist under section 301.  See Siverls-Dunham, 2006 WL 3298964, at *5 ("Even if the plaintiffs

are correct that Dr. Lee was in New York on four occasions, this type of infrequent contact with

the forum does not render Dr. Lee present under the 'doing business' test."); First Capital Asset

Mgmt., 218 F. Supp. 2d at 393 (holding that personal jurisdiction under section 301 could not be

exercised over a Swiss citizen even though she owned and sold an apartment in New York, made

an unspecified number of business trips to New York, and maintained bank accounts in New

York); Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film und Funk KG, 160 F. Supp. 2d 722,

733 (S.D.N.Y. 2001) ("The Defendants' occasional trips to New York -- Brenner estimates an

average of four to five visits per year -- are an insufficient basis for jurisdiction.").

B.       CPLR § 302(a)

New York's long-arm statute is CPLR § 302.  CPLR § 302(a) provides that a court may

exercise personal jurisdiction over non-domiciliaries where the cause of action against the non-

domiciliary arises from certain specified acts:

> (a)      Acts which are the basis of jurisdiction.  As to a cause of action arising
> from any of the acts enumerated in this section, a court may exercise personal

jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

      1.    transacts any business within the state or contracts anywhere to supply goods or services in the state; or

      2.    commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

      3.    commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

          (i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

          (ii)    expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

    4.  owns, uses or possesses any real property situated within the state.

CPLR § 302(a).

Here, Plaintiffs seek a declaratory judgment with respect to the Mutual Release between Sarofim and Plaintiffs Thorunn Wathne, Bergjlot Wathne and Soffia Wathne. Inasmuch as Plaintiffs do not contend that Sarofim committed a tort, neither CPLR § 302(a)(2) nor CPLR § 302(a)(3) provides the basis for personal jurisdiction over her. Moreover, there is no basis for jurisdiction over Sarofim pursuant to CPLR §§ 302(a)(1) or 302(a)(4), because Plaintiffs' sole cause of action does not arise from the transaction of business, the supplying of goods or services, or the ownership, use or possession of any real property within the state. Thus, New York's long-arm statute does not provide a basis for this Court to exercise personal jurisdiction over Sarofim.[5]

---

[5] CPLR § 302(b) pertains to matrimonial actions or family court proceedings, and therefore, has no applicability here.

Because there is no jurisdiction over Sarofim under either section 301 or 302, the Court need not engage in a due process analysis, and should dismiss the Complaint against her. Siverls-Dunham, 2006 WL 3298964, at *4 ("Because I conclude that this court does not have jurisdiction under either CPLR § 301 or § 302(a)(1), I need not reach the due process analysis.").

**POINT II**

**THE MUTUAL RELEASE IS
UNENFORCEABLE FOR FAILURE OF CONSIDERATION**

A.    Texas Law Applies To This Dispute

Choice of law clauses are generally enforced by New York courts. RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 314 (2d Cir. 2003) ("It is the general policy of New York courts to enforce choice of law provisions . . . ."); LaGuardia Assocs. v. Holiday Hospitality Franchising, Inc., 92 F. Supp. 2d 119, 127 (E.D.N.Y. 2000) ("[W]here, as here, the contract contains a choice of law clause, it is the general policy of New York to enforce the parties' choice."). Thus, because the Mutual Release provides that it shall be governed by Texas law, the law of that State applies to this action.

B.    The Mutual Release Is Void

"It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract the other party is discharged or excused from further performance." Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc., 134 S.W.3d 195, 196 (Tex. 2004) (citations omitted). Moreover, a release that is only supported by partial consideration is void and unenforceable. Long v. Turner, 134 F.3d 312, 316 (5th Cir. 1998) ("The general principle is that without additional consideration, a debtor's part-payment of a liquidated debt does not constitute an accord and satisfaction, even if the creditor and debtor agree that the debt is thereby discharged."); Jeanes v. Hamby, 685 S.W.2d 695, 697 (Tex. App.

9

1984) ("Jeanes contends that the trail judge erred in granting summary judgment for Hamby and Shaver on the issue of the validity of the releases because, among other things, the releases were not supported by consideration. We agree. It is well settled that the payment of less than the full amount of a judgment debt alone cannot be consideration for an accord and satisfaction.").

Here, while the Mutual Release expressly required that Plaintiffs Thorunn, Bergjlot and Soffia Wathne pay Sarofim a total of $220,273.00, by 5:00 p.m. C.S.T. on October 28, 2007 (Mutual Release ¶ 1), these plaintiffs have admitted that they only paid her $209,783.81. (Complaint ¶ 15.) Plaintiffs' material breach of the Mutual Release excuses Sarofim from further performance thereunder, and permits her to sue Stefan and the Wathne Corporation in federal court in Texas. Mustang Pipeline Co., 134 S.W.3d at 196. Under Texas law, Sarofim's release in favor of Thorunn, Bergjlot, Soffia and their related entities is not valid because it was not supported by full consideration. Long, 134 F.3d at 316; Jeanes, 685 S.W.2d at 697. Plaintiffs' motion for judgment on the pleadings should therefore be granted.

10

## **CONCLUSION**

For the foregoing reasons, Defendant Valerie Sarofim respectfully requests that her motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) be granted, and the Complaint be dismissed against her.

Dated: New York, New York
      March 18, 2008

          MOUND COTTON WOLLAN & GREENGRASS

      By:    s/Sanjit Shah
          Jeffrey S. Weinstein (JW-2619)
          Sanjit Shah (SS-0148)
      One Battery Park Plaza
      New York, New York 10004
      Phone : (212) 804-4200
      Fax   :(212) 344-8066
      jweinstein@moundcotton.com
      sshah@moundcotton.com
      *Attorneys for Defendant*
      *Valerie Sarofim*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE, and
WATHNE, LTD.,

                                                         08 CV 00420 (GEL)

                    Plaintiffs,

          v.

VALERIE SAROFIM and ROB TODD,

                    Defendants.
-----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

     I hereby certify that true and correct copies of Defendant Sarofim's Notice of Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Declaration of Sanjit Shah with exhibits, the Declaration of Valerie Sarofim and Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings, was served by United States mail, postage pre-paid, on the 19th day of March 2008 upon those persons or entities listed below.

Bruce J. Turkle, Esq.                    Rob Todd, Esq.
Phillips Nizer LLP                       Todd Law Firm
666 Fifth Avenue                         4265 San Felipe
New York, NY 10103-0084                  Houston, TX 77027
*Attorneys for Plaintiffs*               *Defendant Pro Se*


                                         /s/ Sanjit Shah
                                         Sanjit Shah (SS-0148)