UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
STEFAN WATHNE, THORUNN WATHNE,
BERGJLOT WATHNE, SOFFIA WATHNE and
WATHNE, LTD.
:   08 CV 00420
:
            Plaintiffs,       **AFFIDAVIT OF HELEN**
:   **DAVIS CHAITMAN, ESQ.**
    v.                        **IN OPPOSITION TO**
:   **DEFENDANT SAROFIM'S**
VALERIE SAROFIM,              **MOTION TO DISMISS**
:   **COMPLAINT**
            Defendant.
:
------------------------------------------------------------- x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

   HELEN DAVIS CHAITMAN, being duly sworn, deposes and says:

   1.   I am a member of the firm of Phillips Nizer LLP, attorneys for the plaintiffs. I am fully familiar with the fact set forth herein and submit this affidavit in opposition to the motion of defendant Valerie Sarofim for an Order, pursuant to Fed. R. Civ. P. 12(c), dismissing the Complaint for lack of personal jurisdiction and for failing to state a claim. Plaintiffs' previously voluntarily dismissed the Complaint as against Robb Todd, without prejudice and with costs.

   2.   Plaintiffs commenced this action on January 16, 2008, seeking to resolve a controversy as to whether Sarofim is precluded from suing plaintiffs for her $150,000 investment in New York real estate, made in January 2002, in view of the fact that, in October 2007, at Sarofim's request, plaintiffs paid her $209,783.81, representing a refund of her full $150,0000 with 6% interest. Sarofim thereafter retained the $209,783.81 and executed a release in favor of the Wathnes.

1039033.1

3.   As explained in the accompanying affidavit of the Comptroller for plaintiff Wathne Ltd., Esther Malamud, Sarofim learned, in October 2007, that plaintiff Stefan Wathne had been indicted in the Northern District of California for one count of conspiracy to launder money, allegedly during a period from 1997 to 2000. The alleged scheme was to launder the proceeds of a drug operation in the United States through Russian investments. However, as Ms. Malamud informed me, Ms. Sarofim knew that her January 2002 investment of $150,000 was being made in New York real estate.

4.   On January 16, 2008, Esther Malamud informed me that she had spoken with Todd and that she had no idea what it was that he was saying to her. She asked me to telephone him directly, which I did on January 16, 2008. Todd explained to me that Sarofim was the victim of a money laundering scheme perpetrated by Wathne; that Wathne had promised her that he would invest her money in Russia so that it would triple every three months; and that she was entitled to $15 million from the Wathnes.

5.   Todd told me that, unless the Wathnes paid Sarofim $15 million, he was going to file suit against them. He told me that Sarofim believed that her money had been invested in a drug operation and that she had contacted the United States Attorney's Office concerning Stefan Wathne's dealings with her and was continuing to have contact with the United States Attorney's Office. In a subsequent conversation on the same day, Todd said he had persuaded his client to accept $4 million from the Wathnes.

6.   Todd made clear to me that he and Sarofim were seeking to extort money from the Wathnes in return for Sarofim not cooperating with the United States Attorney's Office. I never suggested in any way that Sarofim should not fully cooperate with the United States Attorney's Office although I pointed out to Todd that the indictment against Stefan Wathne

alleges a conspiracy that ended in November 2000 whereas Sarofim made her investment in Manhattan real estate in January 2002.

7. Todd's conduct is directly related to the subject matter of this declaratory judgment action, namely whether Sarofim's acceptance of the repayment of her full $150,000 investment with six percent (6%) interest in October 2007, and execution of a release, precludes her from suing plaintiffs.

_____
Helen Davis Chaitman

Sworn to before me this
1 day of April 2008

_____
Notary Public

MARC B. ZIMMERMAN
NOTARY PUBLIC, State of New York
No. 02ZI5042354
Qualified in ~~Queens~~ Westchester County
Commission Expires April 17, 20__

3

1039033.1